**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY WAYNE SPEAR,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 3:05-cv-00663-F** |
| **AVERY MARSH; WILLIE J. ROBINSON;** | * | |
| **STEVE RICHARDSON; RANDY HAYNES;** | | |
| **LOUISE PRITCHARD; JERRY** | * | |
| **WHETSONE; and EDDIE WILLIAMS.** | | |
| | * | |
| **Defendants.** | * | |

---

# SPECIAL REPORT

---

COME NOW the Defendants, and submit this Special Report in response to Plaintiff's Complaint:

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges he was denied medical attention, denied access to a law library, and complains about the conditions of the jail.

## FACTS

The City Jail has a capacity of 22 male detainees and 4 female detainees. Detainees are generally only housed at the jail for a short period of time. It is periodically inspected by the Alabama Department of Corrections and the Tallapoosa County Health Department.

1

Plaintiff was arrested April 13, 2005, for Domestic Violence III, by Lt. Steve Richerson.  Officer Jerry Whetstone provided backup.  During the arrest Plaintiff was standing and walking without limping and with no difficulty.  He did have three self-inflicted red spots on one leg.  At the jail Plaintiff asked to go to the hospital.  Sabrina Jones, the Correction Officer (jailer) on duty contacted Lieutenant Steve Richerson who was over the jail on this shift.  Lt. Richerson returned to the jail and discussed Plaintiff's request with him.  Following their conversation, Plaintiff said he would take care of it after he got out of jail.  According to Correction Officer Jones he then laid on his bed and made no more complaints.

During the time Plaintiff was in the jail, he had several conversations with Captain Willie Robinson, the jail commander.  During these conversations, Plaintiff would "flip flop" between wanting to go to the hospital and being satisfied with only an aspirin.  Plaintiff had three red spots which appeared to be self-inflicted but otherwise was walking normally.  The red spots did not appear serious and Plaintiff did not appear to be in need of emergency medical care.  Captain Robinson observed Plaintiff walking in the jail, and Plaintiff was doing so without any difficulty and not limping.  Captain Robinson also knew Plaintiff's wife worked at the Emergency Room and thought Plaintiff only wanted to see her.

Plaintiff bonded out April 15, 2005.  On April 15, 2005, Plaintiff saw a doctor.[1]   This report is attached and does not indicate any serious or emergency

---

[1]  It is unclear if taken by the City or if he went on his own.

medical condition.

Plaintiff was arrested again April 21, 2005, and charged with Harassing Communication.  Plaintiff was released May 11, 2005.  Plaintiff alleges he was shoved into the car and he hit his knee against the shield.[2]   However, as shown by the arresting officer's Affidavit Plaintiff voluntarily entered the police car.  During this period of detention Plaintiff received his medications.  Also, Plaintiff requested to see a doctor and an appointment was scheduled for him on May 11, 2005.  Plaintiff was taken to the doctor and according to the returning officer Plaintiff's prognosis was "good."

Plaintiff was arrested June 1, 2005, again for Domestic Violence.  During the arrest he attempted to jump out a second story window.  Plaintiff had to be physically subdued and maced.  Paramedics were called to the scene and examined Plaintiff and he was then taken to the Emergency Room.  When Plaintiff was placed in the jail, he was put on suicide watch and remained in a cell by himself until released July 15, 2005.

On June 2, 2005, Plaintiff was scheduled for a court appearance but was talking on the telephone.  Captain Robinson asked Plaintiff several times to get off the phone and appear for his case.  Plaintiff refused so Captain Robinson hung the phone up, at which point Plaintiff yelled an obscenity at Captain Robinson and then

---

[2] To the extent, if any Plaintiff attempts to allege an excessive force claim, it is clear it is without merit.  *See* <u>Graham v. Conner</u>.  Moreover, Defendants are clearly entitled to qualified immunity.  *See* <u>Post v. City of Fort Lauderdale</u> 7 F.3d 1552 (11th Cir. 1993), modified 14 F.3d 588 (11th Cir. 1994).

swung at him.  Captain Robinson and Jailer Patrick Pearson subdued the Plaintiff.

When returned to his cell Plaintiff again attempted to self inflict an injury and the

fire paramedics were called.

On June 3, Plaintiff complained of numerous sprains and was transported to

the Emergency Room by Captain Robinson.  The paramedics were again called on

June 10, 2005, when Plaintiff complained of shortness of breath.

Plaintiff pled guilty on June 29, 2005, to all three charges.  He was ordered

released on July 15, 2005, by Judge Hayes.

## PLAINTIFF WAS NOT DENIED MEDICAL TREATMENT

In order to prevail on this claim, Plaintiff must establish Defendants were

deliberately indifferent to a serious medical need.  *See* Estelle v. Gamble 429 U.S.

97 (1976).  A serious medical need is one that has been diagnosed by a physician

as mandating treatment or one that is so obvious that even a lay person would

easily recognize the necessity for a doctor's attention.  Laaman v. Helgemoe 437

F.Supp. 269 (D.N.H. 1977).   A delay in access to medical treatment that is

"tantamount to unnecessary and wanton infliction of pain" may constitute

deliberate indifference to a prisoners serious medical needs.  Brown v. Hughes 894

F.2d 1533, 1537 (11th Cir. 1990).   Where the delay results in an inmate's

suffering a "life long handicap or permanent loss, the medical need is considered

serious."  Hill v. Dekalb Regional Youth Detention Center 40 F.3d 1176 (11TH Cir.

1994).  An inmate who complains of a delay in medical treatment which rises to a

constitutional violation must place verifying medical evidence in the record to

4

establish the detrimental effect of delay in medical treatment to succeed.  See Hill, *supra.*  Plaintiff's claim is without merit.  Moreover Defendants are entitled to qualified immunity.  See Hill, *supra.*

In this instance, Plaintiff has failed to establish he had a serious medical need and that the Defendants were deliberately indifferent to his purported medical need. The evidence shows that when arrested on April 13,2005, by Lieutenant Steve Richerson, Plaintiff walked without any difficulty or complaints and without limping to the police car.  He did have what appeared to be three minor self-inflicted red spots.  When he requested medical attention in the jail, Lt. Richerson promptly responded and after discussing the situation with Plaintiff, Plaintiff decided not to go to the Emergency Room.  During that period of incarceration before bonding out on April 15, 2005, Plaintiff walked without difficulty and without limping.  It should also be noted his wife worked at the Emergency Room.  Plaintiff did see his doctor on April 15th and a copy of the report is submitted and does not demonstrate any serious medical need.

Plaintiff was arrested again April 21, 2005, and later made a written request to see his doctor.  He was taken to the doctor on May 11, 2005, and the officer returning Plaintiff to the jail noted his prognosis was "good."

Following Plaintiff's arrest on June 1, 2005, he was provided medical attention.  He also received medical attention on June 2, June 3, and June 10, 2005.  On June 3, 2005, Plaintiff was seen by a mental health counselor.  He was on suicide watch in a cell by himself until ordered released by Judge Haynes.

## PLAINTIFF WAS NOT DENIED ACCESS TO COURT

Plaintiff is not entitled to a law library.  This is a city jail which holds 26 people and actually houses much fewer.  The detainees are usually only housed for brief time periods and for violations of municipal ordinances.

Even though there is no law library, Plaintiff had access to the Court and an opportunity to consult with an attorney.  In order to prevail on this claim Plaintiff must show that the lack of a law library hindered his efforts to proceed with his legal claim - he must show "actual injury."  Moreover, it appears Plaintiff must demonstrate that the lack of a law library or inadequate access to counsel hindered his efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.  See Morrow v. Harwell 768 F.2d 619 (5th Cir. 1985); Chandler v. Baird 926 F.2d 1057 (11th Cir. 1981);Wilson v. Blakenship 163 F.3d 1284 (11th Cir. 1998).  Additionally, Defendants are entitled to qualified immunity.  See Wilson, Supra.  Plaintiff has not established he was denied access to Court.

## THE CONDITIONS ARE NOT UNCONSTITUTIONAL

Plaintiff complains about a litany of what he claims are unconstitutional conditions.   Defendants submit that Plaintiff is barred by the Prison Litigation Reform Act (PLRA) because he has not suffered any physical injury as a result of the allegations in his complaint.  42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act requires that a plaintiff demonstrate that he suffered physical injury before instituting a complaint based upon jail conditions.  The PLRA states the

6

following concerning physical injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e)

The Eleventh Circuit has determined that the physical injury requirement of § 1997e(e) requires that a plaintiff demonstrate a physical injury that is more than *de minimis* although the injuries do not have to be significant. Harris v. Garner 190 F.3d 1279, 1286 (11th Cir.), vacated, 197 F.3d 1059 (11th Cir. 1999), reinstated in relevant part, Harris v. Garner, 216 F.3d 970 (11th Cir. 2000) (en banc). In the present action, plaintiff suffered no physical injury as a result of the allegation described in his Complaint and this case is due to be dismissed.

Additionally, there is no merit to Plaintiff's claims. Two outside regulatory agencies made inspections of the jail during the relevant time period and found none of the conditions about which Plaintiff complained to exist. There was also adequate opportunity for him to exercise. See Ruiz v. Estelle, 679 F.2d 1115 (5th Cir. 1982). The Defendants are also entitled to qualified immunity. See Wilson v. Blankenship,163 F.3d 1284 (1998); Hamm v. Dekalb County, 774 F.2d 1567 (11th Cir. 1985).

## JUDGE HAYNES AND LOUISE PRITCHARD ARE ENTITLED
## TO ABSOLUTE IMMUNITY

Judge Haynes as Municipal Judge enjoys absolute immunity from suits for damages under 42 U.S.C. § 1983 while acting in his judicial capacity. See Stump

v. Sparkman 435 U.S. 349 (1978); Phillips v. Mashborn 746 F.2d. 782 (11th Cir.

1984); Imbler v. Pachtman 424 U.S. 409 (1976).  Plaintiff makes no allegations of

wrongdoing against Louise Pritchard the Clerk of the Court.  However, she submits

she is entitled to immunity as well.  See Williams v. Wood, 612 F.2d 982 (5th Cir.

1980), Scott v. Dixon 720 F.2d 1542 (11th Cir. 1983); Almon v. Gibbs, 545 So.2d

18 (Ala. 1989).

## DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

These Defendants are all clearly entitled to qualified immunity.  See Crosby

v. Monroe County (2004 WC2984889 (11th Cir.Ala.); Wilson, *supra*; Hamm, *supra*;

and Post, *supra*.

## PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF ARE DUE TO BE DENIED

Plaintiff is no longer incarcerated in the City jail.  In light of that any claims

for injunctive relief are due to be dismissed as moot.  See County of Los Angeles v.

Davis 440 U.S. 625 (1979); Cotterall v. Paul 755 F.2d 777 (11th Cir.1985).

## CONCLUSION

Plaintiff's claims are meritless and due to be dismissed.


     / s /    Randall Morgan
RANDALL MORGAN [MORG8350]
Attorney for named Defendants

8

OF COUNSEL:

**HILL, HILL, CARTER, FRANCO**
  **COLE & BLACK, P.C.**
425 S. Perry Street
P. O. Box 116
Montgomery, AL 36101
(334) 834-7600
(334) 263-5969 - FAX

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that I have served a copy of the above and foregoing upon all parties by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following and/or sent by me via U. S. Mail first class prepaid this the 5th day of October, 2005.

Jeffrey Wayne Spear
14 Cricket Court
Phenix City, AL 36866

       /s/  Randall Morgan
       OF COUNSEL

9