Yahoo! Mail - wgrobinson2001@yahoo.com                                      Page 1 of 2

Case 3:05-cv-00663-MEF-WC    Document 16-2    Filed 10/05/2005    Page 1 of 2

  

Print - Close Window

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF ALABAMA

## EASTERN DIVISION

JEFFREY WAYNE SPEAR, *

   Plaintiff, *

v. * Case No. 3:05-cv-00663-F

AVERY MARSH; WILLIE J. ROBINSON; *

STEVE RICHARDSON; RANDY HAYNES;

LOUISE PRITCHARD; JERRY *

WHETSONE; and EDDIE WILLIAMS.

                                *

   Defendants. *

## AFFIDAVIT OF WILLIE G. ROBINSON

Before me the undersigned personally appeared Willie G. Robinson who being duly sworn gives testimony as follows:

My name is Willie G. Robinson and I am a Captain with the City of Alexander City, Alabama Police Department and the Jail Administrator. Jeffrey Wayne Spear has been in and out of the jail on several occasions. When plaintiff has been housed in the jail, he is generally unruly, uncooperative, and disruptive.

Regarding the specifics of his Complaint, I submit the following testimony:

   1. He was arrested for Domestic Violence III, on April 13, 2005. He was housed in the City jail from April 13, 2005, until April 15, 2005. See EXHIBITS "A" and "B". I was not present when plaintiff was booked and admitted to jail, but I was on duty during some of the time he was housed in the jail on this occasion. I did not observe him experiencing any difficulty walking around and he was not limping. He would occasionally tell me he wanted to go to the hospital and then he would change his mind and only want aspirin. I knew his wife worked in the Emergency Room at the hospital and I assume he wanted an excuse to see her. The procedure for providing medical service to the jail is attached as EXHIBIT "C." Attached as EXHIBIT "D" is a copy of an April 15, 2005, medical report when plaintiff went to see a medical doctor regarding complaints of his knee.

   2. Plaintiff was housed again in the jail from April 21, 2005, until May 11, 2005, for Harassment. See EXHIBIT "E" and EXHIBIT "F" is a written request to see the doctor. An appointment was made and he was taken to the doctor on May 11, 2005. See EXHIBIT "F." He was also provided medication.

   3. He was arrested again for Domestic Violence on June 1, 2005, and released July 15, 2005. See EXHIBIT "H" and EXHIBIT "I." He apparently tried to jump out a window to avoid being arrested. He was seen by the paramedics, see EXHIBIT "J." He was then transported to the Emergency Room. See EXHIBIT "I." hen

Yahoo! Mail - wgrobinson2001@yahoo.com                                Page 2 of 2

Case 3:05-cv-00663-MEF-WC    Document 16-2    Filed 10/05/2005    Page 2 of 2

plaintiff was brought to the jail and booked he was kept on suicide watch from June 1, 2005, until he was released by the Court on July 15, 2005. During this stay plaintiff was provided medication.

On June 2, 2005, plaintiff was on the telephone when his case was called. I requested he get off the phone so he could appear for his bail hearing. He refused even though I made several verbal requests. I hung the phone up and he said "f ___ you" and swung at me. A struggle ensued and both of us fell to the floor. Officer Patrick Pearson assisted me in subduing plaintiff to the floor. I did not slam plaintiff to the floor nor did I use unnecessary force. The only forced used was that which was necessary and in response to his actions. When plaintiff was under control, he was returned to his cell. Once inside he ran on his own into the cell. The fire medics were called. See *EXHIBIT "K."*

On June 3, 2005, plaintiff complained he needed medical treatment and was transported to the Emergency Room See *EXHIBIT "I."* Plaintiff was seen again on June 10, 2005, by the fire medics but refused transport to the Emergency Room. See *EXHIBIT "L."*

4. There is no law library. Detainees generally only remain a short period of time in the City jail. While there is no jail law library, detainees have access to the Courts. See *EXHIBIT "M."* They also have access to a telephone and can call an attorney at any time with whom the detainee can meet. See *EXHIBIT "N."*

5. The jail is inspected by both the County Health Department and the Department of Corrections. Attached as *EXHIBIT "O"* is the report by the Tallapoosa County Health Department for its inspection of April 12, 2005. Attached as *EXHIBIT "P"* is the Alabama Department of Corrections report for its inspection of May 11, 2005. None of the conditions about which plaintiff complains were noted by these outside regulatory agencies. The jail is not overcrowded and was not over crowded during the times plaintiff was housed. The jail holds up to 22 males and 4 females. The reports by the County Health Department and Department of Corrections show how few people are housed in the Jail. Also, plaintiff was kept on suicide watch in a cell by himself from June 1, 2005, until July 15, 2005.

During the hours of 6:00 a.m. until 10:00 p.m. detainees are allowed out of their cell into an area that is 7 feet wide and 60 feet long. They are free to do exercises in that area, there are also books and board games in this area. Although the State only requires they be fed twice a day, they are fed three times a day at the jail. They have access to the phone for collect phone calls between 6:00 a.m. and 10:00 p.m. Plaintiff also had access to a bench and table which are outside his cell.

*Willie G. Robinson* (signature)

**WILLIE G. ROBINSON**

SWORN before me this 5 day of October, 2005.

*Harriett C. Scott* (signature)

Notary Public for the State of Alabama

My Commission Expires: 7-13-2008

[SEAL]